## No. 11,289.

### CONRAD *v*. NATIONAL BANK OF WRAY.

Decided January 4, 1926.

Action to determine the priority of chattel mortgage liens. Judgment of dismissal.

*Affirmed.*

*On Application for Supersedeas.*

1. CHATTEL MORTGAGE—*Foreclosure—Extension.* If a chattel mortgagee fails to extend the time of payment, or take possession of the mortgaged property within 30 days after the maturity of the mortgage debt, a subsequent mortgagee may take possession and sell the property in satisfaction of his junior mortgage debt.

2. *Extension.* To effect an extension of a chattel mortgage, the mortgagee or his assignee must, within 30 days of the maturity of the last installment of the indebtedness secured thereby, file with the clerk and recorder of the county where the mortgage is filed or recorded, a sworn statement as provided by statute.

3.  *Extension—Agent—Assignee.*  If a chattel mortgage may be extended by an agent of the mortgagee, or if extended by an assignee, the affidavit in either case must show on its face that the affiant is such agent or assignee.

4.  *Extension—Unauthorized.*  An affidavit of extension of a chattel mortgage by one not authorized to make it, does not bind the mortgagee or constitute notice to junior mortgagees or subsequent creditors of the mortgagor.

5.  *Statutes—Construction.*  Provisions of the chattel mortgage act in derogation of the common law must be strictly construed.

6.  *Conflicting Liens—Proof.*  In an action by a senior mortgagee against a junior for taking and selling the mortgaged property, the proof must show that the property described in the two mortgages is the same.

*Error to the District Court of Yuma County, Hon. L. C. Stephenson, Judge.*

Messrs. PELTON & CHUTKOW, for plaintiff in error.

Mr. GRANBY HILLYER, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a controversy between a senior and junior mortgagee of chattels, which, it is alleged by the senior mortgagee Conrad, were wrongfully seized and sold by the defendant bank, the junior mortgagee, in satisfaction of its mortgage debt.  At the close of plaintiff Conrad's evidence the trial court sustained the defendant's motion for a nonsuit and dismissed the action.  We think the judgment must be affirmed for at least two reasons:

1.  Under section 5092, C. L. 1921, section 10 of our Chattel Mortgage Act, the mortgagee of chattel property is allowed thirty days after the maturity of the debt secured by the mortgage, or thirty days after the day to which the payment of the debt has been extended, within which to

take possession of the mortgaged property. By decisions of this court, if a mortgagee fails in either of these particulars such failure allows a subsequent mortgagee to take possession of, and to sell, the mortgaged chattels in satisfaction of his junior mortgage debt. In this case the plaintiff claims, and his evidence tends to establish, that there was a purported attempt to extend the payment of the first mortgage debt and to continue his lien. If the mortgage was properly extended the defendant could not lawfully take possession and sell the property, if it was the identical property described in the first mortgage, because the prior lien would be continued as the result of such extension. To effect an extension the mortgagee or his assignee must, within thirty days after the maturity of the last installment of the indebtedness secured thereby, file with the clerk and recorder of the county where the mortgage is filed or recorded, a sworn statement showing certain facts. The extension affidavit in this case was not filed by the mortgagee Conrad or his assignee, but by J. H. Kerns, who so far as the record shows was neither the agent nor the assignee of the mortgagee, but an entire stranger. Assuming for our present purpose, but not deciding, that the extension affidavit may be filed by an agent as well as by the assignee of the mortgagee, the affidavit in either case on its face must show that the affiant is such assignee or agent. The object of our General Assembly in requiring such an affidavit to be made and placed of record was for the benefit of the public. An affidavit of extension by one not authorized to make it would not bind the mortgagee, or constitute notice to junior mortgagees or subsequent creditors of the mortgagor. One who read the affidavit would not be apprised by anything therein that the affiant had any authority whatever from the mortgagee to do so. Certainly an extension affidavit by one not so authorized, a mere stranger, would not continue the lien of the mortgage or affect the right of a subsequent mortgagee to satisfy his debt out of the mortgaged chattels because of the failure of the senior mortgagee in the particulars above mentioned.

There may be decisions in some of the states to the contrary but the decisions in this state and of the state of Illinois, whose chattel mortgage acts are quite similar, require a strict construction thereof as they are in derogation of the common law.   We think that the affidavit of extension was not sufficient and did not prevent the second mortgagee from taking possession and selling the property in satisfaction of its defaulted mortgage debt.

2.   The trial court apparently based its decision upon the insufficiency of the extension affidavit.   The record, however, shows that the court was in doubt as to the sufficiency of the description of the chattels in the plaintiff's mortgage, and was not satisfied that the chattels described in the two mortgages were identical or the same in whole or in part. Even if the trial court was in error in holding that the extension affidavit was not a compliance with the statute, though we think the court was right, still its judgment must be affirmed since the evidence in the transcript clearly shows that there was a failure of proof that the chattel property described in the two mortgages was the same.

The application for supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.